UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Case No.**
-------------------------------------------------------------------------x
April Taft

                Plaintiff,                             Index No: 17-1748

    -against-

Equifax Information Services, LLC,
Diversified Consultants, Inc.,

                Defendant(s).
-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff April Taft ("Plaintiff"), by and through her attorneys, as and for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), and Defendant Diversified Consultants, Inc. ("DCI") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Connecticut, County of Fairfield, residing at 263 Clinton Ave, Bridgeport, CT, 06605.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Connecticut, and may be served with process upon Corporation Service Company, its registered agent for service of process at 50 Weston Street, Hartford, CT, 06120.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Diversified Consultants, Inc. is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at for service at the Incorp Services, Inc., 6 Landmark Square, FL 4th, Stamford, CT, 06901.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information.

12. Plaintiff notified Equifax that she disputed the accuracy of the information Equifax was reporting with a dispute letter, on or around July 25, 2017 specifically stating in a letter that she was disputing the validity of this debt being reported on her report, this debt was previously paid in full and should be marked as such.

13. Upon receipt of the dispute of the account from the Plaintiff by Equifax, DCI failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

14. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

## FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

16. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

17. Equifax violated 15 U.S.C. § 1601(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

18. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

19. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

20. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

21. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, April Taft, demands judgment in their favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

23. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

24. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

25. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

26. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

27. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

28. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiffs, April Taft, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### THIRD CAUSE OF ACTION
### (Willful Violation of the FCRA as to DCI)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

30. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

31. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

32. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

33. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as DCI must report the results to other agencies which were supplied such information.

34. The Defendant violated 15 U.S.C. § 1681s by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

35. As a result of the conduct, action and inaction of the Defendant DCI, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

36. The conduct, action and inaction of Defendant DCI was willful, rendering DCI liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

37. The Plaintiff is entitled to recover reasonable costs and attorney's fees from DCI in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, April Taft, demands judgment in her favor against Defendant, DCI, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to DCI)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

39. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

40. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

41. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

42. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as DCI must report the results to other agencies which were supplied such information.

43. After receiving the Dispute Notice from Equifax, DCI negligently failed to conduct its reinvestigation in good faith.

44. A reasonable investigation would require a furnisher such as DCI to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

45. The conduct, action and inaction of Defendant DCI was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

46. As a result of the conduct, action and inaction of DCI, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

47. The Plaintiff is entitled to recover reasonable costs and attorney's fees from DCI in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, April Taft, demands judgment in her favor against Defendant, DCI, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### DEMAND FOR TRIAL BY JURY

48. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  Hackensack, New Jersey
October 17, 2017

/s/ Yaakov Saks
CT Bar No. CT30021
**RC Law Group, PLLC**
By:  Yaakov Saks, Esq.
285 Passaic Street
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
ysaks@rclawgroup.com